```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE WESTERN DISTRICT OF NORTH CAROLINA
                   STATESVILLE DIVISION
                    5:99CV152-01-V
                    (5:97CR01-01-V)
```

| | | |
|---|---|---|
| **SEAN LAMONT DUDLEY,** | ) | |
|     Petitioner, | ) | |
| | ) | |
|     v. | ) | <u>ORDER</u> |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
|     Respondent. | ) | |
| _____ | ) | |

**THIS MATTER** comes before the Court on petitioner's document captioned as a "Memorandum In Support Of Motion For Reconsideration Of Denial Of 21[sic] U.S.C. §2255 Application, filed August 2, 2004. For the reasons stated herein, the petitioner's request for reconsideration will be <u>denied</u>.

The instant document is the petitioner's second request for reconsideration. By this document, he asserts that he should have been allowed to withdraw his 1997 guilty pleas (to two drug related charges) because at the time that he entered those pleas, he did not make any admissions which would have precluded such withdrawal. In support of this Motion, the petitioner asserts, <u>inter alia</u>, that he was hampered in his efforts when he initially filed his Motion to Vacate because he did not have access to a copy of his "trial transcript"; and that he now has obtained that document, and is sure that his admissions were not a barrier to the withdrawal of those pleas. Suffice it to say, however, such argument simply is too little too late.

First, the petitioner's convictions and sentence were long ago affirmed on appeal by the Fourth Circuit Court of Appeals. (See USA v. Dudley, 5:97CR1-V, doc. # 79). Thus, the petitioner cannot possibly be entitled to now withdraw his guilty pleas.

Second, and equally critically, to the extent that the instant pleading--this so-called Motion for Reconsideration--truly was intended as a means for obtaining reconsideration of the Court's denial of the petitioner's Motion to Vacate, the same still would have to be denied in any event. That is, such Motion for Reconsideration actually is seeking habeas relief on a ground which the petitioner did not raise in his prior Motion to Vacate. Therefore, pursuant to the ruling announced in United States v. Winestock, 340 F.3d 200 (4th Cir.), cert. denied, 540 U.S. 995 (2003), the request must be denied as an unauthorized, successive habeas claim.

Accordingly, for the foregoing reasons, the petitioner's Motion for Reconsideration (as amended) is **DENIED**.

**SO ORDERED.**

Signed: August 7, 2006

Richard L. Voorhees
United States District Judge