IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:13-CV-00161-RLV
(5:97-CR-00001-RLV-1)

| | |
|---|---|
| SEAN LAMONT DUDLEY, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent. ) <br> ) | **ORDER** |

**THIS MATTER** is before the Court on consideration of what Petitioner has labeled a "Petition for Immediate Release from Custody of United States Marshalls [sic] and/or Bureau of Prisons." (Doc. No. 1). For the reasons that follow, the Court finds that the petition must be construed as a motion to vacate, set aside or correct sentence, pursuant to the provisions 28 U.S.C. § 2255, and it will be dismissed as successive.

## I. BACKGROUND

On February 23, 1998, Petitioner was sentenced to 360-months' imprisonment for conviction on two counts charged in an indictment returned by the Grand Jury for the Western District. In Count One, Petitioner was charged with conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) & 846, and Count Two charged Petitioner with aiding and abetting the possession with intent to distribute the cocaine, in violation of 21 U.S.C. § 841(a)(1) & 18 U.S.C. § 2. (5:97-CR-00001, Doc. No. 67: Judgment in a Criminal Case; Doc. No. 109: Presentence Investigation Report (PSR ¶ at 1)).

Petitioner filed a timely notice of appeal to the United States Court of Appeals for the

1

Fourth Circuit. On October 29, 1998, the Court filed an unpublished decision upholding Petitioner's conviction and sentence. United States v. Dudley, 165 F.3d 20 (4th Cir. 1998) (unpublished).

On September 27, 1999, Petitioner filed a Section 2255 motion to vacate which the Court found lacked merit and it was therefore denied. (5:99-CV-00152-RLV, Doc. No. 24: Order filed Mar. 27, 2002). Petitioner's appeal was dismissed by the Fourth Circuit. Dudley v. United States, 46 F. App'x 188 (4th Cir. 2002) (unpublished), cert. denied, 548 U.S. 1047 (2003).

On August 7, 2006, the Court denied Petitioner's Rule 60(b) motion to reconsider the Order denying relief under § 2255, and dismissed the motion as an unauthorized, successive § 2255 motion. (Id., Doc. No. 35). On February 23, 2007, the Fourth Circuit dismissed Petitioner's appeal from the order of denial. United States v. Dudley, 218 F. App'x 280 (4th Cir. 2007) (unpublished). On May 28, 2008, the Fourth Court denied Petitioner's appeal from this Court's order denying his motion for recusal. In Re: Sean Lamont Dudley, 279 F. App'x 221 (4th Cir. 2008) (unpublished).

On January 30, 2012, Petitioner renewed his efforts to challenge his criminal judgment by filing various motions for reconsideration of the trial court's decision denying and dismissing his Section 2255 motion. (5:99-CV-00152, Doc. Nos. 58-60). Through these motions, Petitioner argued that a recent case from the Fourth Circuit—United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc) — entitled him to relief from his sentence which was entered some (14) years earlier. The Court denied relief and dismissed the § 2255 motion. Petitioner appealed. The Fourth Circuit dismissed his appeal in a per curiam decision after noting that Petitioner's motion for relief in the district court, while styled as a Rule 60(b) motion, was in

2

actuality an unauthorized, successive motion under § 2255(h). United States v. Dudley, 512 F. App'x 378 (4th Cir. 2013) (unpublished), cert. denied, 134 S. Ct. 359 (2013).

On September 18, 2013, Petitioner filed still another motion which he argued entitled him to relief from judgment under the provisions of Rule 60(b) of the Federal Rules of Civil Procedure. Petitioner contended that there was "a legal defect inherent [in] the collateral proceeding." (5:13-CV-00132, Doc. No. 1 at 1). Petitioner again maintained that his sentence should be vacated based on Simmons. The Court dismissed the motion as an unauthorized, successive § 2255 motion, and denied Petitioner's motion to reconsider that conclusion. (Doc. Nos. 3 and 8). Petitioner filed an appeal to the Fourth Circuit from this Court's denial of his motion to reconsider and that appeal is pending as of January 16, 2014. United States v. Dudley, No. 13-7096 (4th Cir. filed Nov. 27, 2013).

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to examine promptly motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. After having considered the record in this matter, the Court finds that no response is necessary from the United States. Further, the Court finds that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

The relief Petitioner is seeking through the present petition is effectively an order vacating his sentence and an order granting his immediate release. This is the precise relief Petitioner has attempted to secure through his many § 2255 filings. Petitioner's effort to secure

this relief through a "petition" and not specifically under the heading of a § 2255 motion must fail. The district courts are instructed to "classify *pro se* pleadings from prisoners according to their contents, without regard to their captions." United States v. Winestock, 340 F.3d 200, 203 (4th Cir. 2003) (citing United States v. Emmanuel, 288 F.3d 644, 647 (4th Cir. 2002)).

The Court finds that the present petition is in fact an unauthorized, successive § 2255 motion as the relief he is seeking must be pursued under the provisions of Section 2255. The Antiterrorism and Effective Death Penalty Act (AEDPA) provides, in relevant part, that "[a] second or successive motion [under Section 2255] must be certified as provided in Section 2244 by a panel of the appropriate court of appeals to contain—

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

There is no evidence that Petitioner has obtained the necessary authorization to file the instant petition. The Court is therefore without jurisdiction to consider the merits, if any, of the present action. See, e.g, In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997); Winestock, 340 F.3d at 205. For the foregoing reasons, Petitioner's Section 2255 motion will be dismissed without prejudice.

### IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Petitioner's Section 2255 Motion be **DISMISSED** as successive. (Doc. No. 1).

**IT IS FURTHER ORDERED** that Petitioner's motion for relief from judgment under Rule 60(b) of the Federal Rules of Civil Procedure is **DENIED**. (Civil Case No. 5:99-cv-152-RLV, Doc. No. 71).

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (stating that in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable and that the petition states a debatably valid claim of the denial of a constitutional right).

The Clerk is respectfully directed to close this civil case.

Signed: January 16, 2014

Richard L. Voorhees
United States District Judge