# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# 5:99-cv-152-KDB
# (5:97-cr-1-KDB-1)

| | |
|---|---|
| SEAN LAMONT DUDLEY, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) ORDER |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**THIS MATTER** is before the Court on Petitioner's *pro se* "Motion for Reconsideration or in the Alternative Motion to Reopen Collateral Proceedings Pursuant to Fed. R. Civ. Proc. 60(b)," (Doc. No. 83).

Petitioner asks the Court to reconsider its October 17, 2019 Order construing his Motion to Amend, (Doc. No. 80), and Motion to Correct Record, (Doc. No. 81), as unauthorized successive § 2255 petitions and dismissing them for lack of jurisdiction. See (Doc. No. 82). He argues that the Court misconstrued his Motions as seeking sentencing relief and argues that he was actually attacking the Court's jurisdiction to enter its Judgment in the criminal case in violation of Rule 11(b)(3) of the Federal Rules of Criminal Procedure.

Rule 60 provides permits a court to correct orders and provide relief from judgment under the following circumstances:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

1

    (4) the judgment is void;

    (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

    (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Rule 60(b) is an "extraordinary remedy" which sets aside "the sanctity of [a] final judgment." Compton v. Alton Steamship Co., Inc., 608 F.2d 96, 102 (4th Cir. 1979) (citation and internal quotation marks omitted). A movant must first show that he has moved in a timely fashion, that he has a meritorious defense to the judgment, that the opposing party would not be unfairly prejudiced by a set aside, and show exceptional circumstances. See Aikens v. Ingram, 652 F.3d 496, 501 (4th Cir. 2011); Werner v. Carbo, 731 F.2d 204, 206-07 (4th Cir. 1984) (citing Compton, 608 F.2d at 102). If a movant satisfies these three requirements, then he must show that his motion falls under one of the six grounds set forth in Rule 60(b). Werner, 731 F.2d at 207. Relief from judgment under Rule 60(b)(6) should be granted only upon a showing that relief is "appropriate to accomplish justice" in "situations involving extraordinary circumstances." Dowell v. State Farm Fire Cas. Auto. Ins. Co., 993 F.2d 46, 48 (4th Cir. 1993) (internal quotation marks and citation omitted). A change in decisional law subsequent to a final judgment provides no basis for relief under Rule 60(b)(6). Id.

Where a petitioner seeks relief from a judgment under Rule 60(b) on grounds other than a clerical mistake, courts must treat such a motion as seeking successive post-conviction relief when failing to do so would allow the applicant to evade the bar against re-litigation of claims presented in a prior application or the bar against litigation of claims not presented in a prior application. United States v. Winestock, 340 F.3d 200, 206 (4th Cir. 2003) (requiring district courts to review Rule 60(b) motions to determine whether such motions are tantamount to a § 2255 motion); 28

2

U.S.C. § 2244(b)(3)(A) ("[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."), *abrogated on other grounds by* United States v. McRae, 793 F.3d 392 (4th Cir. 2015).

As a general matter, "a motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application, while a motion seeking a remedy for some defect in the collateral review process will generally be deemed a proper motion to reconsider." Winestock, 340 F.3d at 207; see also Gonzalez v. Crosby, 545 U.S. 524, 531-33 (2005) (concluding that a Rule 60(b) motion for relief from judgment that directly challenges the underlying conviction constitutes a successive § 2254 petition).

Petitioner purports to seek Rule 60(b) relief, but he has demonstrated no basis upon which such relief can be granted. Petitioner argues that the Motions that were denied in the October 17 Order "raised objections to the court's jurisdiction to enter the criminal judgment pursuant Fed. R. Crim. Proc. 11(b)(3)," (Doc. No. 83 at 2), however no such argument appears in those Motions. See (Doc. Nos. 80-81). The Court construed Petitioner's Motions, which raised substantive sentencing claims, as unauthorized successive § 2255 petitions and dismissed them for lack of jurisdiction. Petitioner has not demonstrated any basis for reconsidering the October 17 Order or for reopening the instant § 2255 case that originated in 1999.

Petitioner has failed to demonstrate any grounds for Rule 60(b) relief in the instant case, and therefore, his Motion will be denied.

**IT IS, THEREFORE, ORDERED** that Petitioner's *pro se* "Motion for Reconsideration or in the Alternative Motion to Reopen Collateral Proceedings Pursuant to Fed. R. Civ. Proc. 60(b)," (Doc. No. 83), is **DENIED**.

Signed: November 4, 2019

Kenneth D. Bell
United States District Judge